## Avery v. Grassi.

*A. G. Rutherford*, for plaintiff; *Joseph F. Tedesco*, for defendant.

SEARLE, P. J., April 14, 1931.—The defendant in this case filed her petition asking to file an appeal from the judgment of A. H. Catterall, justice of the peace of Hawley, Pennsylvania, *nunc pro tunc*. The petition sets forth that the defendant was regularly served with a summons and judgment was entered against her on September 24, 1930; and that on October 14, 1930,

the defendant appeared at the office of the justice and paid the costs, but did not produce any bail.

According to the petitioner, the justice said that he would forward the transcript to her attorney, Joseph F. Tedesco.

The plaintiff filed an answer to the petition and asked that the petition be dismissed for the following reasons:

1. The defendant never perfected her appeal by giving bail for costs, as required by the act of assembly.

2. Since the alleged attempt to take the appeal, two regular return days have passed, to wit, October Term, 1930, and January Term, 1931.

3. The defendant, in her petition, failed to allege or set forth any defense to any part of the plaintiff's claim in this case.

4. The failure of the justice of the peace to keep his alleged promise to make out and deliver a transcript and mail it to petitioner's attorney is not a sufficient reason for the relief prayed for.

From the decisions of the various courts of this Commonwealth, it would appear that the plaintiff's position is well taken and the defendant should not be allowed to file her appeal *nunc pro tunc*.

"Leave to file an appeal nunc pro tunc will be refused where no bail was offered for thirty-eight days after judgment, although costs were paid to the alderman within the time allowed for the appeal:" O'Donnell v. Marchak, 46 Pa. C. C. 557.

"Where a petition to file an appeal nunc pro tunc, three quarterly return days having intervened between the taking of the appeal and presenting of the petition, fails to set up or allege a defense on merits, it is insufficient to move the court to permit an appeal to be filed:" Passarelli v. Negley, 12 Just. L. R. 321.

"The Act of March 20, 1810, 5 Sm. Laws 561, requires a transcript to be filed in Common Pleas on or before the first day of the next term after appeal is taken and in absence of fraud, or what amounts to fraud, the Court has no power after lapse of two terms to allow it to be taken nunc pro tunc:" Hall v. Borough of Greensboro, 67 Pitts. L. J. 333.

"Failure of the magistrate to keep his promise to make out and deliver transcript at once is not a good reason for striking off appeal filed too late:" Humphreyville v. Knight, 33 Lancaster 285.

"An appeal nunc pro tunc will not be allowed where appellant relied upon justice to inform him when transcript was ready, which the justice forgot to do:" Matta v. Sacchetti, 17 Dist. R. 797.

"In an application for an appeal nunc pro tunc from the judgment of the justice of the peace, the petition should aver defendant has a defense to the whole or part of the plaintiff's claim and set forth particulars of the same:" Hamilton Service Corp. v. Lady Dainty Beauty Shop, 4 D. & C. 588.

"Where appellant relies on justice to send transcript of appeal to attorney and justice fails to do so, the appellant will not be allowed to file an appeal nunc pro tunc. What the justice failed to do does not come within the scope of his official duties:" Lehigh Sales Co. v. Rossi, 40 Pa. C. C. 656.

The plaintiff's petition in this case does not allege or set up any defense on the merits of the case and simply alleges that the justice agreed to mail the transcript to the attorney for the defendant.

In view of the citations above given, we are of the opinion that the defendant has not set forth sufficient reasons to move the court, and we, therefore, discharge the rule heretofore granted in this case, at the cost of the defendant.